IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RUBEN XAVIER MARTINEZ, INDIVIDUALLY AND AS NEXT FRIEND OF N.M., PLAINTIFF, | § § § § § | |
| V. | § § | CAUSE NO. 1:18-CV-832-LY |
| NEW DEAL INDEPENDENT SCHOOL DISTRICT, DEFENDANT. | § § § § | |

## **MEMORANDUM OPINION AND ORDER**

Before the court in the above-styled and numbered cause are Defendant New Deal Independent School District's Motion to Dismiss for Failure to State a Claim filed February 5, 2019 (Dkt. No. 28), Plaintiff's Response in Opposition to Motion filed February 13, 2019 (Dkt. No. 29), and Defendant's Reply Brief in Support filed February 28, 2019 (Dkt. No. 32). Having reviewed the motion, response, reply, applicable law, and the entire case file, the court will grant the motion for the reasons that follow.

### I. BACKGROUND

Plaintiff Ruben Martinez's son, N.M., was a student at New Deal High School ("New Deal") in the New Deal Independent School District ("New Deal ISD") in Lubbock County, Texas. N.M. lived with his mother in New Deal ISD until April of 2016 when he moved in with his father, Martinez, who resides within the attendance boundaries of Cooper High School ("Cooper") in the Cooper Independent School District ("Cooper ISD"). Despite moving out of New Deal ISD, N.M. continued to attend New Deal for the remainder of his eighth-grade year, all of his freshman year, and half of his sophomore year.

One of N.M.'s best friends is J.J. Through N.M.'s friendship with J.J., Martinez met J.J.'s mother, Natasha. Martinez and Natasha married in August of 2017. Natasha's second child, E.J., has learning disabilities. Natasha, J.J., and E.J. moved out of New Deal ISD and moved in with N.M. and Martinez in Cooper ISD. Cooper ISD is a large school district, and Natasha felt that it was better equipped to effectively deal with E.J.'s learning disability. E.J. and J.J. left New Deal and enrolled in schools in Cooper ISD. J.J., who is also a football player, wanted to stay at New Deal with N.M. for his sophomore year, but was not permitted to remain enrolled at New Deal. However, N.M., who developed into a talented football player and track athlete, was permitted to stay at New Deal despite not living in New Deal ISD. During the fall of 2017, Martinez drove N.M. to and from New Deal, approximately 20 miles each way. This daily trip was time-consuming and expensive.

In January of 2018, N.M. enrolled in Cooper. When New Deal's football coach learned that N.M. had enrolled in Cooper, he told Martinez that if N.M. returned to New Deal within 24 hours, the school would allow J.J. to attend New Deal as well. Martinez declined the offer and the coach became upset. Allegedly, New Deal falsely reported to the University Interscholastic League ("UIL") that N.M. transferred to Cooper for "athletic purposes" and New Deal did so for "the sole purpose of punishing [N.M.] for enrolling in a different school." UIL accepted New Deal's claim, determined that N.M. enrolled at Cooper for athletic purposes, declared N.M. ineligible to play varsity sports until January 2019, and denied N.M.'s appeal of his ineligibility.

Martinez argues that athletics did not play a role in the decision for N.M. to enroll at Cooper in January of 2018. N.M. is a straight-A student ranked 14th in a class of 400. Cooper is a much larger school than New Deal and Martinez asserts it offers significantly more educational opportunities, such as an abundance of dual credit, accelerated, and AP courses not available at

New Deal. Martinez asserts that he enrolled N.M. at Cooper primarily because of the wealth of educational opportunities offered by Cooper, Cooper's proximity to N.M.'s home, and N.M.'s close relationship with J.J., who also attends Cooper.

On November 8, 2018, Martinez filed a First Amended Complaint (Dkt. No. 10) under Section 1983, alleging violations of the 14th Amendment of the United States Constitution. *See* 42 U.S.C. § 1983. Martinez alleged that UIL, Executive Director Dr. Charles Breithaupt, and New Deal violated N.M.'s constitutional rights to equal protection of the law, due process, and a public education. Defendants UIL and Breithaupt[1] moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that Martinez failed to state a claim for any constitutional violation (Dkt. No. 11). The court concluded that Martinez failed to adequately state an underlying constitutional claim against UIL. On January 7, 2019, the court granted the motion and dismissed Martinez's claims against UIL with prejudice, leaving the claims against New Deal pending.

On January 22, 2019, Martinez filed a Second Amended Complaint (Dkt. No. 24) against New Deal. Martinez re-asserts a violation of N.M.'s constitutional right to equal protection of the law as a "class of one" and asks the court to assess actual damages and punitive or exemplary damages.

Defendant New Deal moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that Martinez failed to state a claim for any constitutional violation (Dkt. No. 28). The court concludes that Martinez failed to adequately state an underlying constitutional claim against New Deal. The court will grant the motion and dismiss Martinez's claim against New Deal with prejudice.

---

[1] As the interests of UIL and Breithaupt do not diverge, the court will refer to them generally as "UIL," unless otherwise noted or as needed for context.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint need not contain detailed factual allegations, but in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). A plaintiff's obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In evaluating a motion to dismiss, the court must construe the complaint liberally and accept all of the plaintiff's factual allegations in the complaint as true. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2009).

## III. ANALYSIS

Martinez brings this action under 42 U.S.C. § 1983 alleging an underlying violation of N.M.'s constitutional right to equal protection. However, "the gravamen of the complaint here is the denial of the right to participate in interscholastic sports," not the right to equal protection. *Niles v. Univ. Interscholastic League*, 715 F.2d 1027, 1031 (5th Cir. 1983). The Fifth Circuit "has considered many variations of claims alleging infringement of constitutional rights in the context of eligibility rules for competition in interscholastic leagues and has uniformly rejected constitutional challenges to those rules." *Cornerstone Christian Sch. v. Univ. Interscholastic*

4

*League*, 563 F.3d 127, 136 (5th Cir. 2009). Martinez has not addressed this line of precedent in the pleadings. Thus, although the court will examine the alleged equal protection violation, the court for the foregoing reason will dismiss the claim against New Deal.

Martinez raises a "class of one" equal-protection claim. To bring such a claim, Martinez must allege that "(1) [N.M.] was intentionally treated differently from others similarly situated and (2) there was no rational basis for the difference in treatment." *Lindquist v. City of Pasadena Texas*, 669 F.3d 225, 233 (5th Cir. 2012). "The complaint must allege the existence of purposeful discrimination motivating the state action which caused the alleged injury." *Thompson v. Morgan*, 698 F.App'x 169, 170 (5th Cir. 2017) (per curiam)(internal quotation marks omitted). Class-of-one equal-protection claims are "available where there is 'a clear standard against which [different treatment], even for a single plaintiff, could be readily assessed.'" *Integrity Collision Ctr. v. City of Fulshear*, 837 F.3d 581, 587 (5th Cir. 2016).

Martinez alleges that N.M. received unfavorable treatment as compared to two other similarly situated student athletes. Martinez specifically alleges that N.M. was intentionally treated differently as compared to J.J. (N.M.'s stepbrother) and K.W., a student who attended New Deal with J.J. and N.M. during his freshman year and transferred to Cooper for his sophomore year. Martinez contends that J.J., N.M., and K.W. are similarly situated in that all three students participated in athletics at New Deal, changed schools from New Deal to Cooper during the same time period, and planned to participate in athletics at Cooper. Martinez argues that New Deal violated N.M.'s right to equal protection when it reported, without a rational basis, that N.M. had moved to Cooper for athletic purposes and did not do so when J.J. or K.W. moved to Cooper. In its motion to dismiss, New Deal argues that N.M. is not situated similarly to J.J. or K.W. and that the facts in the pleadings provide a rational basis for New Deal's

5

statements on the Previous Athletic Participation Form ("the Form") and to UIL. In response, Martinez contends that the complaint does plead facts showing how the three boys are similarly situated and that New Deal officials lied on the Form and in statements to UIL, irrationally mispresenting N.M.'s espoused intention to change schools for the purpose of preventing N.M. from participating in athletics at Cooper.

Although J.J. is similarly situated to N.M. and K.W. in some respects, he is not similarly situated in "all material respects." *Thompson*, 698 F.App'x. at 170. Martinez's pleadings describe UIL's process for determining eligibility as beginning with a school's report regarding a student's reasons for transferring schools. New Deal began that process with N.M. by filling out and signing the Form. Importantly, Martinez has not alleged that New Deal signed the Form for J.J. or K.W. New Deal did not intentionally treat N.M. differently from J.J. or K.W. with respect to athletic eligibility because it did not have an opportunity to do so. If there was any difference in treatment among the boys, New Deal could be said to have favored N.M. by allowing him to attend New Deal in the fall of his sophomore year after moving to Cooper ISD whereas J.J. was denied such a transfer. Thus, because of the different situations among the three boys, Martinez has failed to allege "a clear standard against which [different treatment] . . . could be readily assessed." *Integrity Collision*, 837 F.3d at 587 (internal quotation marks omitted).

Having determined that Martinez fails to plead sufficient facts to support a reasonable inference that N.M., J.J., and K.W. are similarly situated, this court concludes that Martinez's general claim that N.M. was treated differently than other similarly situated athletes is conclusory. Even if Martinez has sufficiently alleged the existence other similarly situated individuals, a student does not have a constitutional right to participate in school sports. *Niles*,

715 F.2d at 1031. Therefore, this court will dismiss Martinez's equal-protection claim against New Deal. Accordingly,

**IT IS THEREFORE ORDERED** that Defendant New Deal Independent School District's Motion to Dismiss for Failure to State a Claim filed February 5, 2019 (Dkt. No. 28) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Ruben Martinez's, individually and as Next Friend of N.M., claim against New Deal Independent School District is **DISMISSED WITH PREJUDICE**.

SIGNED this ____4th____ day of June, 2019.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE